UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:10CR445 CDP ) |
| KENTON BURTON, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER OF**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b). The Defendant filed a motion to dismiss (under seal), and a motion for bill of particulars. After setting the matter for hearing, the Defendant filed a statement concerning pretrial motions which included a request for additional time to consider filing additional pretrial motions, and a motion to continue the hearing. The undersigned granted the request for additional time to consider additional motions, and further, granted the motion to continue the hearing in this matter, resetting the hearing to March 21, 2011. On that date, the Defendant appeared in person and with counsel on the record, as well as the attorney for the Government. Based on the statements of the parties, the undersigned finds that these motions should be denied as moot.

**As to the Motion to Dismiss:**

The Defendant stated on the record, that Count I of the indictment, felon in possession of ammunition, relates to a shooting which occurred in the City of St. Louis and for which the Defendant stood trial in the Circuit Court of the City of St. Louis on the charges of assault first

degree and armed criminal action. Ultimately, the Defendant was acquitted on those charges in the fall of 2009. Based on the acquittal in circuit court, the Defendant alleges in his motion that the indictment should be dismissed on two grounds: that, as to Count I, it violates the Double Jeopardy Clause, and that Counts I and II should be dismissed as a result of prosecutorial vindictiveness, and that they violate the Fifth Amendment. Further, the Defendant stated that prior to the hearing, the Government indicated that it would not proceed on Count I, and at the hearing in this matter, the Government confirmed its intention not to proceed on Count I of the indictment. In addition, the Defendant stated that the motion to dismiss did not relate to the conduct alleged in Count II, and therefore, requested the motion be denied as moot as to Count II as well.

The undersigned found that, based upon the statements of the Defendant and the Government on the record, the motion to dismiss should be denied as moot.

**As to the Motion for Bill of Particulars:**

The Defendant stated on the record that as to Count I of the indictment, the motion for bill of particulars would be moot based upon the Government's statement that it was not proceeding on Count I of the indictment. However, as to Count II, the Defendant stated that it was unclear whether the Government would show that the Defendant possessed 9 mm ammunition, .40 caliber ammunition, or .45 caliber ammunition, and sought clarification on that issue. The Government stated on the record that it intended to prove that the Defendant possessed only the 9 mm ammunition. Based on the Government's statement at the hearing, the Defendant acknowledged that this motion, likewise, should be denied as moot.

Therefore, the undersigned found on the record that this motion should also be denied as moot.

\* \* \*

Based on the above,

**IT IS HEREBY ORDERED** that the Motion for Bill of Particulars [Doc. #36] be **denied as moot**.

Further,

**IT IS HEREBY RECOMMENDED** that the Motion to Dismiss Indictment [Doc. #35, filed under seal] be **denied as moot**.

Finally, as to the Motion to Dismiss Indictment, the parties are advised that they have fourteen (14) days, in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

         /s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this __11th__ day of April, 2011.